USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SERINA MOORE,

            Plaintiff,

-against-

AYMAN A. SHAHINE, M.D.,

            Defendant.

18 Civ. 463 (AT) (KNF)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Serina Moore, brings this action alleging claims of intentional tort and negligence arising from medical services provided by Defendant, Ayman A. Shahine, M.D. ECF No. 2. On May 10, 2018, Plaintiff filed a second amended complaint (the "complaint"), Compl., ECF No. 20, and on May 22, 2018, Defendant filed an answer, ECF No. 22. Then, on June 21, 2018, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for judgment on the pleadings pursuant to Rule 12(c). ECF No. 29. On August 7, 2018, the Court referred the motion to the Honorable Kevin Nathaniel Fox. ECF No. 36.

    Before the Court is the Report and Recommendation ("R&R") of Judge Fox, which recommends that Defendant's motion to dismiss under Rule 12(b)(6) be denied as untimely, and that Defendant's motion for judgment on the pleadings under Rule 12(c) be granted with respect to any causes of action based on intentional tort and denied with respect to the cause of action for negligence based on lack of informed consent. ECF No. 38. Defendant filed timely objections to the R&R. Def. Objs., ECF No. 39. For the reasons stated below, Defendant's objections are OVERRULED and the Court ADOPTS the R&R in its entirety.

# DISCUSSION[1]

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

---

[1] The Court presumes familiarity with the facts and procedural history, as set forth in the R&R, and, therefore, does not summarize them here. *See* R&R at 1–2.

II.   Defendant's Objections

   A. Motion to Dismiss

Defendant first objects to Judge Fox's recommendation that Defendant's Rule 12(b)(6) motion "be denied as untimely" because it was "filed after the amended answer was filed." Def. Objs. at 1–2 (citing R&R at 3–4). Defendant argues that his answer "contains the affirmative defense of failure to state a cause of action" and, therefore, that his Rule 12(b)(6) motion was timely. The Court disagrees.

Under the unambiguous, mandatory language of Rule 12(b), a motion to dismiss for failure to state a claim must be made before an answer is filed. *See* Fed. R. Civ. P. 12(b) ("A motion asserting [failure to state a claim] must be made before pleading if a responsive pleading is allowed."). To dispute this, Defendant cites two cases which suggest that courts should consider a motion to dismiss filed after an answer if the grounds for the motion are also raised as affirmative defenses in an answer. *See* Def. Objs. at 1–2 (citing *Zebrowski v. Denckla*, 630 F. Supp. 1307, 1308 n.1 (E.D.N.Y. 1986); *Doolittle v. Ruffo*, 882 F. Supp. 1247, 1257 n.9 (N.D.N.Y. 1994)). The Court, however, rejects this argument based on the plain language of Rule 12(b), which states that the proper vehicle for challenging a complaint after an answer has been filed is a motion for judgment on the pleadings, as permitted by Rules 12(c) and 12(h)(2).[2] *See Nat'l Ass'n of Pharm. Mfrs., Inc. v. Ayerst Labs.*, 850 F.2d 904, 910 n.2 (2d Cir. 1988).

Defendant filed an answer to the complaint on May 23, 2018, ECF No. 22, which asserted as an affirmative defense that the complaint "fails to state a cause or causes of action

---

[2] Federal Rule of Civil Procedure 12(h)(2)(B) provides, in relevant part, that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)."

3

upon which relief can be granted," *id.* ¶ 10.  Then, on June 21, 2018, approximately one month later, Defendant filed a motion to dismiss the complaint as time-barred pursuant to Rule 12(b)(6).  ECF No. 29.  The Federal Rules of Civil Procedure, however, require that a motion based upon any of the defenses under Rule 12(b)—including motions under Rule 12(b)(6) for failure to state a claim—"must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  Once Defendant filed his answer on May 23, 2018, therefore, any subsequent motion to dismiss was untimely.  *See Tyco Int'l Ltd. v. Walsh*, No. 02 Civ. 4633, 2003 WL 553580, at *2 (S.D.N.Y. Feb. 27, 2003) ("A motion based on [Rule 12(b)] is therefore untimely when it is served after the answer."); *cf. Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 768 (2d Cir. 1983) (noting that a motion to dismiss under 12(b)(2) was untimely when it was served after defendant's answer).  The Court, therefore, agrees with Judge Fox that Defendant's motion to dismiss under Rule 12(b)(6) is untimely and it is DENIED on that basis.

Moreover, there is no prejudice to Defendant because Judge Fox denied Defendant's motion under Rule 12(b)(6) but addressed Defendant's arguments under Rule 12(c), *see* R&R at 3–5, and courts apply the same standard when deciding a Rule 12(b) motion to dismiss and a Rule 12(c) motion for judgment on the pleadings, *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994); *see also Brodie v. N.Y.C. Transit Auth.*, No. 96 Civ. 6813, 1998 WL 599710, at *4 (S.D.N.Y. Sept. 10, 1998) ("Although the defendants' motion is styled as a motion to dismiss pursuant to Rule 12(b), a motion brought after an answer has been filed is properly designated a motion for judgment on the pleadings pursuant to Rule 12(c).").  Accordingly, Defendant's objection is OVERRULED.

B. Negligence Claim

Next, Defendant objects to Judge Fox's finding that Plaintiff "asserted a cause of action for negligence based on lack of informed consent" and his recommendation that Defendant's motion for judgment on the pleadings be denied with respect to this cause of action. Def. Objs. at 2–3 (citing R&R at 4). Defendant argues that Plaintiff only asserts a claim for intentional tort, and not for negligence, and that the intentional tort claim is time-barred under the applicable statute of limitations. *Id.* The Court disagrees.

Plaintiff alleges that her "fat was distributed in specific places in [her] body that [she] did not ask for," Compl. at 5, and Judge Fox found that Plaintiff "asserted a cause of action for negligence based on lack of informed consent" based on this allegation, R&R at 4. Defendant contends that this allegation instead asserts a claim "sound[ing] in battery," which is subject to a one-year statute of limitations. Def. Objs. at 3. The Court, however, rejects this argument because although "traditionally, an action to recover damages for lack of informed consent has been viewed as constituting the common-law tort of assault and battery," the modern view is that "the failure of a doctor to properly inform his patient of the risks of an operation is a form of medical malpractice based on negligence." *Spinosa v. Weinstein*, 571 N.Y.S.2d 747, 753 (2d Dep't 1991); *see also Messina v. Matarasso*, 729 N.Y.S.2d 4, 6 (1st Dep't 2001). Although Plaintiff's complaint is not a model of clarity, courts are required to construe *pro se* submissions "liberally and interpret them to raise the strongest arguments that they *suggest*." *Keeling v. Hars*, 809 F.3d 43, 47 n.2 (2d Cir. 2015) (internal quotation marks and citation omitted). Construed liberally, Plaintiff describes a "situation where [she] consent[ed] to a medical procedure without being fully aware of the risks and consequences involved," which states a claim for negligence based on lack of informed consent. *Oates v. N.Y. Hosp.*, 517 N.Y.S.2d 6, 7 (1st Dep't 1987).

5

This is distinguishable from a situation where a defendant "performed a procedure upon [plaintiff] with no consent at all," which alleges "intentional conduct rather than conduct that can be construed as a deviation from the reasonable care standard." *Messina*, 729 N.Y.S.2d at 7. Instead, here, Plaintiff claims that Defendant "failed to inform her of the risks of the procedure or that he rendered medical treatment beyond the scope of her consent," which states a claim for negligence rather than intentional tort. *Id.*[3]

Plaintiff claims that Defendant "disobeyed specific orders to not use tools on [her] face" and "distributed [fat] in specific places in [her] body that [she] did not ask for." Compl. at 5. The tenor of Plaintiff's claim, therefore, is medical malpractice or lack of informed consent, rather than civil battery. *See, e.g.*, *Moricky v. Beth Israel Med. Ctr.*, 604 N.Y.S.2d 721 (1st Dep't 1993) (allegation that laminectomy performed at level of spine different from that level consented to by plaintiff states "cause of action for medical malpractice, not one for battery"); *Dries v. Gregor*, 424 N.Y.S.2d 561, 563–64 (4th Dep't 1980) (complaint alleged malpractice arising from a lack of informed consent where patient consented to biopsy but not to partial mastectomy).[4] Claims for lack of informed consent are governed by a two and one-half-year statute of limitations. N.Y. C.P.L.R. § 214-a. Because Plaintiff's surgery occurred on June 10,

---

[3] This conclusion does not change simply because, as Defendant argues, Plaintiff filed a letter on June 13, 2018 which described her claims as "assault," "intentional harm," and "malicious intent." Def. Objs. at 3 (citing ECF No. 28). As noted earlier, Plaintiff is proceeding *pro se*, and, therefore, her pleadings must be construed liberally and interpreted to raise the strongest arguments they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

[4] The cases cited by Defendant to contest this are inapposite. *See* Def. Objs. at 3 (citing *Messina*, 729 N.Y.S.2d; *Dray v. Staten Island Univ. Hosp.*, 75 N.Y.S.3d 59 (2d Dep't 2018)). In both of these cases, plaintiffs alleged that defendants performed procedures despite plaintiffs' objections. *See Messina*, 729 N.Y.S.2d at 7 (plaintiff alleged an intentional tort because defendant "performed a procedure upon her with no consent at all"); *Dray*, 75 N.Y.S.3d at 63 (plaintiff alleged an intentional tort because "defendants performed a c-section upon the plaintiff despite her objection"). In contrast, here, Plaintiff alleges that Defendant "distributed [fat] in specific places in [her] body that [she] did not ask for," Compl. at 5—or, "rendered medical treatment beyond the scope of her consent," *Messina*, 729 N.Y.S.2d at 7.

2016, *see* Compl. at 5, her claim for negligence based on lack of informed consent was timely filed.

Accordingly, Defendant's objections are OVERRULED.

C. Remaining Issues

No objections have been made with respect to the remainder of the R&R, and the Court, therefore, has reviewed those portions of the R&R for clear error only. The Court finds them to be well-reasoned and free of clear error on the face of the record, and thus also adopts those portions of the R&R.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which Defendant properly objects and has reviewed the remainder of the R&R for clear error. For the reasons stated above, Defendant's objections are OVERRULED and the Court ADOPTS the R&R in its entirety. Defendant's motion to dismiss under Rule 12(b)(6) is DENIED as untimely. Additionally, Defendant's motion for judgment on the pleadings under Rule 12(c) is GRANTED with respect to any cause of action based on intentional tort and DENIED with respect to the cause of action for negligence based on lack of informed consent.

The Clerk of Court is directed to terminate the motion at ECF No. 29 and to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: February 27, 2019
      New York, New York

_____
ANALISA TORRES
United States District Judge