UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SERINA MOORE,  :

           Plaintiff,  :  **MEMORANDUM and ORDER**

        -against-  :  18-CV-463 (AT)(KNF)

AYMAN A. SHAHINE M.D.,  :

           Defendant.  :
------------------------------------------------------------X



KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Plaintiff Serina Moore ("Moore"), who is proceeding pro se in this action brought pursuant to the court's diversity jurisdiction, 28 U.S.C. § 1332, has made an application for the Court to appoint counsel to assist her in prosecuting this case. Through her amended complaint, Moore asserts that she

> was intentionally abused and harmed[,] my face was scarred an[d] the doctor [,defendant Ayman A. Shahine, M.D.,] disobeyed specific orders to not use tools on my face my hips were altered I suffer from pain an[d] my body is uneven fat was distributed in specific places in my body that I did not ask for. I was stabbed in my hips and it was intentional.

Moore seeks to recover damages for injuries to her "face, joints, reputation [and] occupation" as well as for "emotional stress."

      In a writing filed on May 13, 2019, Moore requested that the Court appoint counsel to assist her in gathering "evidence to prove my case" and "formulating strategy" as the litigation proceeds. According to Moore, "for the last few years" she has searched "relentlessly" for counsel to assist her to "no avail."

      Unlike criminal defendants, indigents filing civil actions have no constitutional right to counsel. However, 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent any person unable to afford counsel. Moore made an application to proceed in forma pauperis, which was granted on January 24, 2018. As a consequence, she is within the class to whom 28 U.S.C. § 1915(e)(1) speaks.

"In deciding whether to appoint counsel, [a] district [court] should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert denied, 502 U.S. 986, 112 S. Ct. 596 (1991). This means that it appears to the court "from the face of the pleading," Stewart v. McMikens, 677 F. Supp. 226, 228 (S.D.N.Y. 1988), that the claim(s) asserted by the plaintiff "may have merit," Vargas v. City of New York, No. 97 Civ. 8426, 1999 WL 486926, at *2 (S.D.N.Y. July 9, 1999), or that the "plaintiff appears to have some chance of success . . . ." Hodge, 802 F.2d at 60-61.

Where a plaintiff satisfies the threshold requirement of demonstrating that the plaintiff's position is likely to be of substance, the court should then consider: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; 3) the indigent's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. See Hodge, 802 F.2d at 61-62.

In the instant case, Moore's amended complaint has withstood a challenge by the defendant made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. A Rule 12(c) motion is analyzed by a court under the same standard as that which is applied to a motion to dismiss a complaint, for failure to state a claim upon which relief can be granted, made under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The ability of Moore's amended complaint to survive the defendants' Fed. R. Civ. P. 12(c) motion suggests that her claim of medical malpractice, predicated on a lack of informed consent, may have merit.

In making the instant application, Moore has indicated that gathering "evidence to prove [her] case" is a particular challenge for which she needs the assistance of counsel. The Court has no reason, based on the record before it, to conclude otherwise. In addition, given the nature of the allegations made in Moore's amended complaint, it is very likely that issues of credibility will be at the heart of this

litigation. Therefore, the Court finds that cross-examination would be the major proof presented to the fact-finder. Having someone skilled in that art will be vital to the plaintiff's ability to present her case. The record before the Court does not indicate that Moore possesses that skill. Furthermore, inasmuch as this is an action in which the plaintiff alleges medical malpractice, complex medical issues and the need to obtain medical experts and to elicit testimony from them will be critical. Nothing in the record before the Court indicates that Moore possesses any particular knowledge or skill that would enable her to analyze the medical issues and be prepared to meet the burdens placed upon a plaintiff in an action alleging medical malpractice stemming from a lack of informed consent.

Having considered the various factors outlined in Hodge, supra, the Court finds that it would be reasonable and appropriate to grant Moore's application for appointment of counsel. Therefore, the Office of Pro Se Litigation for this judicial district is directed to request pro bono counsel for plaintiff in accordance with the applicable procedures.

Dated: New York, New York
       May 30, 2019

Mailed copy to:

Serina Moore

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE