```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SERINA MOORE,                                         :

                        Plaintiff,                    :

        -against-                                     :      **MEMORANDUM AND ORDER**

AYMAN A. SHAHINE M.D.,                                :      18-CV-463 (AT) (KNF)

                        Defendant.                    :
------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

Serina Moore, proceeding pro se, commenced this action against Ayman A. Shahine, M.D., asserting that on June 10, 2016,

> I was intentionally abused and harmed my face was scarred an[d] the doctor disobeyed specific orders to not use tools on my face my hips were altered I suffer from pain an[d] my body is uneven fat was distributed in specific places in my body that I did not ask for. I was stabbed in my hips and it was intentional.

The defendant's motion to dismiss was denied as untimely, and the defendant's motion for judgment on the pleadings was granted with respect to any cause of action based on intentional tort and denied with respect to the cause of action for negligence sounding in "medical malpractice or lack of informed consent." Docket Entry No. 41. Before the Court is the defendant's motion "for an order to stay this lawsuit pending disposition of the action commenced in [sic] by plaintiff in Supreme Court of the State of New York, County of New York styled, Serina Moore v. Ayman Shahine, M.D., index No. 100188/2018." The plaintiff opposes the motion.

1

**DEFENDANT'S CONTENTIONS**

The defendant asserts that this action should be stayed pursuant to the abstention doctrine discussed in Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 96 S. Ct. 1236 (1976) ("Colorado River") because: (a) the state action and the federal action are parallel and concurrent; (b) the parties in both actions are the same; and (c) "the underlying issue concerning both the State Action and Federal Action stem [sic] from plaintiff's allegations concerning her claims of medical malpractice" that "must be determined by the State Action under New York State Law," which will affect the outcome of the claims asserted in this action. The defendant asserts that neither the state court nor this court is asserting jurisdiction over a res, and neither action "is more or less convenient" since they are both "located in Manhattan, New York." According to the defendant, the claims in both actions "arise from the same factual nexus" and the facts "are nearly identical." Since "material issues of fact are duplicative, a stay is necessary to avoid piecemeal litigation." The defendant maintains that "the State Action was filed first on February 8, 2019 as the original federal Summons and Complaint filed on January 17, 2018 based only on Federal Question jurisdiction and not upon diversity of citizenship was defective and therefore a nullity." Moreover, "substantial progress has been made in the State Action," and the plaintiff cannot establish any prejudice from the stay because her claims in the federal action will be preserved.

The defendant contends that the action should be stayed also pursuant to the Court's discretionary authority because: (i) the existence of federal and state actions involving "state claims sounding in medical malpractice may result in inconsistent, duplicative results"; (ii) "proceeding with the Federal Action while the State Action continues will waste judicial resources and ultimately duplicative findings of fact and law, that will necessarily be determined

2

in the State Action"; (iii) "the State Action will provide adequate and complete relief" and "a decision rendered from the State Action will effect, resolve, or collaterally estop plaintiff from claims asserted in the federal Action"; (iv) the parties and "issues of fact" are identical; (v) the state action is rapidly progressing and "no unfair delay will be occasioned to plaintiff" if this action is stayed; (vi) no inconvenience from the stay exists to the parties, counsel and witnesses; and (vii) no prejudice will attend any party as a result of the stay.  In support of the motion, the defendants' attorney submitted a declaration with Exhibit A, "the Summons and Complaint filed on January 17, 2018," Exhibit B, "first Amended Complaint filed on February 8, 2018," Exhibit C, "the Summons and Complaint for the state court action filed on February 8, 2018," Exhibit D, the "defendant's Answer to the original Summons and Complaint filed on March 15, 2018," Exhibit E, "the defendant's Answer to the first Amended Summons and Complaint filed on March 29, 2018," Exhibit F, the "Defendant's Answer to the second Amended Complaint filed on May 21, 2018," Exhibit H, "correspondence to the Court dated May 23, 2018, whereby defendant consented to plaintiff's filing of an Amended Complaint," Exhibit I, the "defendant's Answer to the State Summons and Complaint filed on May 30, 2018," and Exhibit J, "the Court's order denying defendant's Motion to Dismiss pursuant to Rule 12(b)(6) as untimely and granted [sic] defendants [sic] motion pursuant to Rule 12(c) with respect to any cause of action based on intentional tort and denied with respect to the cause of action for negligence based on lack of informed consent."

In the state-court action, the plaintiff asserted "breach of contract" and "violation of privacy & safety."  The plaintiff alleges in the state-court action that she scheduled "a scar treatment revision" to be performed by the defendant.  On June 7, 2015, the day of the surgery, "she was rushed to fill out paper work [sic] and urged to make a haste to begin the procedure &

3

pay remaining balance which was more than agreed." According to the plaintiff, the defendant "stabbed her in the hip & disobey[ed] orders not to put harsh tools on her face but to use laser." The plaintiff asserts that she was uncomfortable and "felt the doctor took pictures of me while I was in & out of consciousness." According to the plaintiff, in 2016, she had a follow-up visit during which she "expressed the scar on my face was worst, my breast were [sic] huge an[d] my body wasn't even my hips hurt from where he stabbed me an[d] they were unbalanced." During the follow-up visit, the defendant "took a needle an[d] tried to take out some of the fat which hurt more an[d] sent me on my way." Thereafter, the plaintiff had an unbearable pain in her leg, could no longer sleep, became depressed and was harassed online. The plaintiff asserts that the defendant "shared my personal information," "scared my face as some type of retaliation a[nd] exposed my personal picture" and "conspired with some of the men in my city." According to the plaintiff, the defendant offered to perform a free surgical procedure "because he didn't do what we agreed on," but she declined.

## PLAINTIFF'S CONTENTIONS

The plaintiff opposes the motion, asserting that she filed state and federal actions because she is not represented by an attorney or knowledgeable about the law, and she attempted to find the most convenient forum based on information she had concerning where she could obtain the highest amount of damages. The plaintiff asserts that, in January 2020, during the status conference in the state action, the defendant's "attorney expressed his feeling to stay the state suit because of this pending federal suit," and she "was presented with the option of amending or creating a new suit." The plaintiff contends that she only seeks an opportunity to present her claims.

**DEFENDANT'S REPLY**

In reply, the defendant's attorney submitted an "affirmation," asserting that "[a]n Affirmation is an opportunity for the opposing party to a motion to explain why the movant is not entitled to the relief that they seek," and the plaintiff "fails to address any of the merits or arguments made in our motion to stay"; thus, her opposition to the motion "should be disregarded entirely by the Court."

**LEGAL STANDARD**

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189, 79 S. Ct. 1060, 1063, 3 L.Ed.2d 1163, 1166 (1959).

> Colorado River, 424 U.S. at 813, 96 S. Ct. at 1244.

> The principles of *Colorado River* are to be applied only in situations "involving the contemporaneous exercise of concurrent jurisdictions." Therefore, a finding that the concurrent proceedings are "parallel" is a necessary prerequisite to abstention under *Colorado River. See Alliance of American Insurers v. Cuomo,* 854 F.2d 591, 603 (2d Cir.1988); *Day v. Union Mines Inc.,* 862 F.2d 652, 655 (7th Cir.1988) ("Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." (internal quotation marks omitted)).

> Dittmer v. County of Suffolk, 146 F.3d 113, 117-18 (2d Cir. 1998) (citation omitted).

> In determining whether this exception is applicable, the court should consider (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

5

>Woodford v. Cmty. Action Agency of Greene County, Inc., 239 F.3d 517, 522 (2d Cir. 2001) (internal citations omitted).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). "The person seeking a stay 'bears the burden of establishing its need.' '[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim.'" Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97 (2d Cir. 2012) (citations omitted).

## APPLICATION OF LEGAL STANDARD

*Colorado River Abstention*

<u>Whether Concurrent Proceedings Are Parallel</u>

The parties in the state-court action and this action are the same. The plaintiff's cause of action for negligence sounding in medical practice or lack of informed consent survived the defendant's motion to dismiss in this action. In the state-court action, the plaintiff appears to have asserted negligence sounding in medical malpractice or lack of informed consent as well as breach of contract and a violation of her privacy rights. Although the state court-action appears to encompass a longer time period and additional factual assertions, the state-court action and the federal action involve the same underlying factual circumstances in connection with the plaintiff's interaction with the defendant concerning certain medical procedures. The Court finds that the same parties are litigating contemporaneously substantially the same issues in the state-court proceeding and this proceeding; thus, the state and federal concurrent proceedings are parallel.

Whether the State or Federal Court Has Assumed Jurisdiction over a *Res*

This is not an in rem action, and neither the federal district court nor the New York state court has assumed jurisdiction over any res or property. This factor weighs against abstention. See Woodford, 239 F.3d at 522 ("[W]ith respect to the first *Colorado River* factor, 'the absence of a res point[s] toward exercise of federal jurisdiction.'") (quoting Vill. of Westfield v. Welch's, 170 F.3d 116, 122 (2d Cir.1999)).

Inconvenience of the Federal Forum

No inconvenience of the federal forum exists because the state court and the federal court are both located in New York County, New York. This factor weighs against abstention. See Woodford, 239 F.3d at 523 ("[W]ith respect to the second *Colorado River* factor, 'where the federal court is just as convenient as the state court, that factor favors retention of the case in federal court.'") (quoting Vill. of Westfield, 170 F.3d at 122). In light of the posture of the instant case in which the defendant already made a motion for summary judgment, as explained below, the ultimate disposition of this action will operate as res judicata with respect to the plaintiff's claims asserted in this action. As a result, the parties would avoid piecemeal litigation and duplication of efforts if this action is not stayed and the defendant's motion for summary judgment is determined. Thus, this factor weighs against abstention.

Desirability of Avoiding Piecemeal Litigation

Although "the danger of piecemeal litigation" was the "paramount" consideration in determining whether abstention is warranted in Colorado River, see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19, 103 S. Ct. 927, 939 (1983), "the mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." Colorado River, 424 U.S. at 816, 96 S. Ct. at 1245. As explained below, in

7

this action, the defendant has made a motion for summary judgment, which: (i) if granted, will have a res judicata effect in connection with the plaintiff's claims asserted in this action; or (ii) if denied, will lead to trial. Given that this action has advanced further than the state-court action, staying it at this time will not eliminate duplication of efforts. Thus, this factor weighs against abstention.

Order in which the Concurrent Forums Obtained Jurisdiction

This action was filed first. However, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone Mem'l Hosp., 460 U.S. at 21, 103 S. Ct. at 940. On June 8, 2020, the defendant's counsel informed the Court that discovery in the state-court action is almost complete and the most recent court conference was held on February 27, 2020, when: (a) various discovery issues were addressed; (b) the next conference was scheduled for April 16, 2020; and (c) "the note of issue deadline for certification of trial readiness was May 8, 2020." However, the April 16, 2020 conference was adjourned without date due to the COVID-19 pandemic. Discovery in this action was completed on February 4, 2020, and, subsequent to the instant motion, the defendant filed a motion for summary judgment on April 6, 2020. The plaintiff neither sought an enlargement of time to oppose nor opposed the motion. Although the state-court action was filed first, the instant action progressed to the final dispositive motion that may resolve the action or lead to the scheduling of a trial. Thus, this factor weighs against abstention.

Whether State or Federal Law Controls

"[A]lthough the presence of federal issues strongly advises exercising federal jurisdiction, the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." Vill. of Westfield, 170 F.3d at 124. No federal question exists in this

action, which is based on diversity of citizenship and involves New York law.  However, the

state-law issues concerning negligence asserted in this action are neither novel nor complex.

Thus, this factor weighs against abstention.

    Adequacy of the State Forum to Protect the Plaintiff's Federal Rights

No federal rights are involved in this action and no evidence exists that the state court cannot

protect adequately the plaintiff's rights under state law.  Thus, this factor is neutral.  See Estee

Lauder Comp. Inc. v. Batra, 430 F.Supp.2d 158, 169 (S.D.N.Y. 2006) ("[T]he ability of the

[state] court to adequately protect [plaintiff's] interests renders the sixth factor largely neutral.").

The Court finds that abstention pursuant to Colorado River is not warranted.

*Inherent Power*

The defendant failed to show undue prejudice or interference with its constitutional rights

if this action is not stayed.  See Louis Vuitton Malletier S.A., 676 F.3d at 97.  Accordingly, the

Court declines to stay this action pursuant to its inherent power.

## CONCLUSION

For the foregoing reasons, the defendant's motion to stay this action, Docket Entry No.

81, is denied.  **The Clerk of Court is directed to mail a copy of this Order to the plaintiff.**

Dated: New York, New York                         SO ORDERED:
      June 10, 2020

                                      _Kevin Nathaniel Fox_
                                     KEVIN NATHANIEL FOX
                                     UNITED STATES MAGISTRATE JUDGE